UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:16 CR 308 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| VAN HERRON, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Van Herron's ("Defendant" or "Herron") Motion for Compassionate Release ("Motion") (ECF No. 574). For the following reasons, the court denies Herron's Motion.

**I. BACKGROUND**

On February 28, 2018, Herron pled guilty to conspiracy with intent to distribute heroin, fentanyl, cocaine, and marijuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A). (Presentence Investigation Report ("PSR"), at PageID #2430, ECF No. 447.) The court sentenced Herron on June 8, 2018. The PSR determined Herron had a criminal history category of VI and calculated a total offense level of 34. (*Id.* at PageID #2445.) Based on those calculations, the corresponding Sentencing Guidelines range suggested a term of incarceration of 262–327 months' imprisonment. (*Id.*) However, the court ultimately sentenced Herron to 84 months in prison, followed by 4 years of supervised released. (Judgment, ECF No. 471.) The Bureau of Prisons ("BOP") currently lists March 19, 2023, as Herron's scheduled release date.

On July 28, 2020, Herron filed a Motion for Compassionate Release ("Motion") (ECF No. 574). The Government did not file a response. Thus, the court will proceed to the merits of the Motion.

## II. LEGAL STANDARD

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow inmates to move for compassionate release on their own. *See* Pub. L. 115-391, § 603(b)(1). Under § 3582(c)(1)(A), this court "may reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A). However, an inmate can seek compassionate release only after: (1) he has fully exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty (30) days have passed since the warden of his facility received his request to have the BOP file a motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

While some courts across the country have recognized exceptions to § 3582's exhaustion requirement, such as when exhaustion would be futile or the movant faces irreversible prejudice, the Sixth Circuit recently made clear that exhaustion is a mandatory condition that courts must enforce "[w]hen 'properly invoked.'" *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). Thus, if the defendant fails to exhaust the BOP process and the Government invokes § 3582's exhaustion requirement, the court must deny the request for relief.

After clearing the exhaustion hurdle, the defendant must show (i) that there are

"extraordinary and compelling reasons" warranting release; or (ii) that he is at least seventy years of age, has served at least thirty years in prison for the offense(s) for which he is currently imprisoned, and is not a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3582(c)(1)(A). The Commentary to the Sentencing Guidelines explains that "extraordinary and compelling" circumstances include (1) terminal illness; (2) a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (3) serious deterioration in health due to the aging process, if the defendant is at least sixty-five years old and has served at least ten years or 75 percent of his or her term of imprisonment; (4) death or incapacitation of the caregiver of the defendant's minor child; and (5) "other reasons" as determined by the BOP. U.S.S.G. § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2019). Finally, the sentence reduction must be consistent with the § 3553(a) factors. *See id.*

### III. LAW AND ANALYSIS

The Motion seeks compassionate release under the extraordinary and compelling reasons provision, § 3582(c)(1)(A)(i). Specifically, Herron requests a reduction in sentence to time served or, alternatively, placement in home confinement for the remainder of his sentence. (Mot. at PageID #4760–4761, ECF No. 574.)

**A.   Exhaustion Requirement**

Herron cites a *"pro se* request for administrative remedy,"—that he filed on May 28, 2020, with the BOP—as evidence that he satisfied the exhaustion requirement of § 3582. (*Id*. at PageID #4752.) The BOP denied Herron's request, citing among other reasons, that his "medical provider revealed that [he] does not meet the medical criteria for [compassionate release]." (*Id*. at PageID

#4772.) In support of this Motion, Herron provided a copy of the warden's letter, dated June 30, 2020, denying compassionate relief. (*Id.*) While it is unclear whether Herron has exhausted his right to appeal the BOP's decision, the court will proceed to the merits of the Motion because the Government failed to respond, and thus, has waived any objection to the Motion on exhaustion grounds. *See Alam*, 960 F.3d at 833 (explaining that "mandatory-claim processing rules bind the courts only when properly asserted and not forfeited"). Consequently, the court has authority to consider Herron's Motion.

B.  **Extraordinary and Compelling Reasons**

Turning to the merits of Herron's request, the court concludes that he has not shown an extraordinary and compelling reason for relief. Simply put, Herron presents only a generalized risk of contracting COVID-19. Indeed, his entire argument is based on the possibility of contracting COVID-19, which does not constitute a "extraordinary and compelling reason" for release. *See United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). As a result, the court finds that Herron is not entitled to compassionate release.

C.  **Section 3553(a) Factors**

Even if Herron presented an extraordinary and compelling reason for release, his Motion fails to satisfy the § 3553(a) factors and the Sentencing Commission's policy statements. Indeed, after considering all of the relevant factors, the court concludes that granting compassionate release does not accord with § 3553(a). Given the nature of Herron's violations, the lack of evidence in the

record that establishes that Herron is particularly vulnerable to the virus, and the relative lenience of Herron's initial sentence, the court finds that compassionate release is not appropriate.

### IV. CONCLUSION

For the foregoing reasons, the court denies Herron's Motion (ECF No. 574).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 10, 2020